IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CARLOS CARDONA, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3118 |
| | ) | |
| vs. | ) | PROGRESSION ORDER |
| | ) | (Habeas Corpus) |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court to facilitate progression of this habeas corpus case filed pursuant to 28 U.S.C. § 2254 by the petitioner, Carlos Cardona. The respondent has filed an Answer (filing no. 8) and the state court records (filing no. 9).

The petitioner alleges violations of his civil rights in connection with his conviction in the District Court of Madison County, Nebraska, on or about November 7, 2002, for manslaughter and tampering with evidence. He alleges two claims, summarized as follows: (1) ineffective assistance of trial counsel and (2) ineffective assistance of postconviction counsel.

Of the foregoing claims, one is barred and will be dismissed. The other will be addressed by the parties in their briefs, as discussed below.

**Postconviction Proceedings**

The petitioner's second § 2254 claim, based on defective representation in his state postconviction proceeding, must be dismissed. 28 U.S.C. § 2254(i) states: "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." See also Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990) (a claim regarding an infirmity in state postconviction proceedings "is collateral to appellant's conviction and detention, and is therefore not cognizable in a 28 U.S.C. § 2254 petition").

Thus, relief under § 2254 is available for violations of federal law leading to a criminal conviction in state court or on direct appeal, but not for violations which occur on collateral review. See, e.g., Coleman v. Thompson, 501 U.S. 722, 752-53 (1991) (a petitioner cannot claim constitutionally ineffective assistance of counsel in § 2254 proceedings); Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir.), cert. denied, 527 U.S. 1056 (1999) (claim of denial of due process in state post-conviction court provided no grounds for federal habeas relief); Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) (errors and

1

irregularities in state post-conviction proceedings are not cognizable on federal habeas review); Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir.), cert. denied 525 U.S. 1024 (1998) (insofar as an alleged constitutional error relates to the state's post-conviction remedy rather than to the judgment of conviction, the alleged error states no cognizable federal habeas claim).

### Procedural Default

The respondent alleges in his Answer that the petitioner's first claim is barred by procedural default from consideration on the merits by this court.[1] According to the respondent, the petitioner has never presented his first claim, i.e., that his trial attorney rendered ineffective assistance of counsel by advising the petitioner to plead guilty to manslaughter, to the Nebraska appellate courts.

In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the United States Supreme Court explained the habeas exhaustion requirement as follows: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. Id. at 845. Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005).

### Cause and Prejudice to Excuse Procedural Default

Although the United States Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id.

---

[1]The respondent refers to this claim as the petitioner's "claim 2." However, in the § 2254 petition, the petitioner's claim of ineffective assistance of trial counsel in advising the petitioner to plead guilty is presented as "Ground one."

Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

On the meaning of "fundamental miscarriage of justice," see, e.g., Bousley v. United States, 523 U.S. 614, 623 (1998): "Petitioner's claim may still be reviewed in [a] collateral proceeding if he can establish that the constitutional error in his [state proceeding] 'has probably resulted in the conviction of one who is actually innocent.'... To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id., *citing* Schlup v. Delo, 513 U.S. 298, 327-28, (1995) (internal quotation marks omitted). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

However, no claim of factual innocence may be considered before any other basis for relief. See Dretke v. Haley, 541 U.S. 386, 393-94 (2004): "[A] federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default."

Accordingly, the parties shall file briefs addressing the issues of procedural default and cause and prejudice to excuse any procedural default regarding the petitioner's first claim, i.e., ineffective assistance of trial counsel in advising the petitioner to plead guilty to manslaughter.

IT IS THEREFORE ORDERED:

1. That the petitioner's second § 2254 claim (alleging ineffective assistance of counsel by his attorney in state postconviction proceedings) is dismissed with prejudice;

2. That by December 16, 2005, each party shall file a brief on the issues discussed above;

3. That by January 30, 2006, each party shall file a brief in response to the other party's brief; and

4. That unless the court orders an evidentiary hearing, expansion of the record, or additional briefs, this matter will be deemed submitted at the close of this briefing schedule on the basis of the pleadings, the state court record and the briefs.

November 2, 2005.	BY THE COURT:

	s/ *Richard G. Kopf*
	United States District Judge